UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:15-cv-06116-SVW-JC | Date | October 21, 2015 |
|---|---|---|---|
| Title | *Sean O'Neill et al v. Grupo Radio Centro LA, LLC et al* | | |

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE |
|---|---|
| Paul M. Cruz | N/A |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:** IN CHAMBERS ORDER GRANTING PLAINTIFFS' MOTION TO REMAND [15]; DENYING DEFENDANTS' MOTION TO DISMISS AS MOOT [8].

I.  Introduction

On July 6, 2015, Plaintiffs commenced this action in Los Angeles Superior Court against Defendants. On August 12, 2015, Defendants removed the action to this Court, invoking the Court's diversity jurisdiction under 28 U.S.C. §§ 1332 and 1441(b). Presently before the Court are Plaintiffs' motion to remand and Defendants' motion to dismiss. (Dkts. 15, 8). For the following reasons, the Court GRANTS Plaintiff's motion to remand and DENIES Defendants' motion to dismiss as moot.[1]

II.  Background Information

Plaintiffs Sean O'Neill and Rosa Ambriz were employed by Defendant Grupo Radio Centro LA, LLC. (Compl. ¶¶ 8-9). Plaintiffs allegedly became aware of, reported and disclosed certain illegal, unethical, and fraudulent activity by Defendants. (*Id.* ¶¶ 10-11). As a result of their conduct, Plaintiffs allege that they were subjected to a continuous course of harassing and retaliatory conduct by Defendants, including a campaign of character assassination against Plaintiff Sean O'Neill. (*Id.* ¶ 12-13). Plaintiffs also allege that they were wrongfully terminated by Defendants. (*Id.*).

---

[1] Upon review of the parties' briefs, the Court concludes that the motions are suitable for determination without oral argument. Fed. R. Civ. P. 78(b); Local Rule 7-15. The hearing scheduled for Monday, October 26, 2015 is VACATED and OFF-CALENDAR.

|  |  | : |
|---|---|---|
|  | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-06116-SVW-JC | Date | October 21, 2015 |
|---|---|---|---|
| Title | *Sean O'Neill et al v. Grupo Radio Centro LA, LLC et al* | | |

Plaintiffs allege causes of action for: (1) whistleblower retaliation under California Labor Code § 1102.5; (2) wrongful termination in violation of public policy; (3) breach of contract; and (4) defamation. Plaintiffs' first and fourth causes of action are also brought against Ricardo Sanchez ("Sanchez") as an individual defendant.

**III.   Legal Standard**

   **A.   Standard Governing Removal to Federal Court Based on Diversity Jurisdiction**

Title 28 U.S.C. § 1441 governs removal jurisdiction. Removal jurisdiction is generally disfavored. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). However, it is proper if the case could have been filed in federal court originally. 28 U.S.C. § 1441. In seeking removal, the defendant bears the burden of establishing jurisdiction. *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986).

One basis for subject matter jurisdiction is the parties' diversity of citizenship. 28 U.S.C. § 1332(a). Diversity jurisdiction exists in "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ." 28 U.S.C. 1332(a). The amount in controversy is determined from the complaint itself, "unless it appears or is in some way shown that the amount stated in the complaint is not claimed in good faith." *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961) (citation and internal quotation marks omitted).

   **B.   Standard for Determining whether Defendant is a Sham Defendant**

The presence of a fraudulently joined defendant does not defeat removal on diversity grounds. *Atias v. Platinum HR Mgmt., LLC*, 2014 WL 3536557, at *4 (C.D. Cal. July 16, 2014) (quoting *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir.1998)). A non-diverse defendant is fraudulently joined if the plaintiff fails to state a cause of action against him and the "failure is obvious according to the settled rules of the state[.]" *Id.* (quoting *Hamilton Materials, Inc. v. Dow Chemical Co.*, 494 F.3d 1203, 1206 (9th Cir.2007)).

There is a presumption against fraudulent joinder. *Hamilton Materials*, 494 F.3d at 1206. It is not sufficient to show that the complaint at the time of removal fails to state a claim against the non-diverse defendant. *Padilla v. AT&T Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009). Instead, the removing defendant must prove that the non-diverse defendants "joined in the action cannot be liable on any theory." *Atias*, 2014 WL 3536557, at *4 (quoting *Ritchey*, 139 F.3d at 1318).

|   | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-06116-SVW-JC | Date | October 21, 2015 |
|---|---|---|---|
| Title | *Sean O'Neill et al v. Grupo Radio Centro LA, LLC et al* | | |

A defendant must prove fraudulent joinder by clear and convincing evidence. *Id.* (citing *Hamilton Materials*, 494 F.3d at 1206). A court may resolve fraudulent joinder claims by looking beyond the pleadings and considering summary judgment-type evidence, such as affidavits and deposition testimony. *Id.* (quoting *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1068 (9th Cir.2001)). In deciding this issue the court must "resolve all material ambiguities in state law in plaintiff's favor." *Macey v. Allstate Prop. & Cas. Ins. Co.*, 220 F. Supp. 2d 1116, 1117 (N.D. Cal. 2002). If there is a non-fanciful possibility that the plaintiff can state a claim under state law against the non-diverse defendant, then the court must remand. *Id.*

**IV.    Discussion**

For purposes of this Court's jurisdiction, the parties only dispute whether Ricardo Sanchez ("Sanchez") is a fraudulently joined defendant who would otherwise destroy complete diversity. In their removal, Defendants stated that Sanchez was improperly named as a defendant as to the first cause of action for violation of California Labor Code § 1102.5 because the statute does not provide for individual liability. (Notice of Removal at 3). In addition, Defendants stated that Sanchez was improperly named as a defendant as to the fourth cause of action for defamation because: (1) under the common interest privilege set forth in California Civil Code § 47, no cause of action can be sustained against Sanchez who was acting in the course and scope of his employment; (2) Plaintiff O'Neill consented to the allegedly defamatory communication being published; and (3) the allegedly defamatory statements are non-actionable opinions, rather than false statements of fact. (*Id.* at 3-4).

**A.    Whether Plaintiffs Have Stated a Claim Against Defendant Sanchez Under California Labor Code § 1102.5**

California Labor Code § 1102.5, which prohibits whistleblower retaliation, was amended in 2013 to expand liability from "an employer" to include "any person acting on behalf of the employer." *See* Cal. Labor Code § 1102.5.

Defendants rely on two cases to establish that individual liability does not exist under the amended statute. First, in *Conner v. Aviation Servs. of Chevron U.S.A.*, a court granted the defendant's motion to dismiss a cause of action under § 1102.5. 2014 WL 5768727, at *5 (N.D. Cal. Nov. 5, 2014). The court stated that there was no statutory or case support for the inference that an individual could be named in a cause of action for retaliation under the statute. *Id.* Second, in *Vera v. Con-way Freight, Inc.*, a court relied almost entirely on the holding in *Conner* and denied the plaintiff's motion to remand. 2015 WL 1546178, at *1 (C.D. Cal. Apr. 6, 2015)**.**

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-06116-SVW-JC | Date | October 21, 2015 |
|---|---|---|---|
| Title | *Sean O'Neill et al v. Grupo Radio Centro LA, LLC et al* | | |

However, Plaintiffs point to *De La Torre v. Progress Rail Servs. Corp.*, 2015 WL 4607730 (C.D. Cal. July 31, 2015), where a court recently distinguished *Conner* and *Vera* and remanded the action to state court. In *De La Torre*, the court commented that the decision in *Conner* related to a motion to dismiss and spanned only two sentences, and the decision in *Vera* relied almost exclusively on *Conner*. *Id.* at *4 n.6. The court found that the amended statute was ambiguous on the issue of individual liability and "given that no California court has addressed this issue and that the language added in the 2013 amendment renders the statute ambiguous, the court cannot say at this juncture that it does not impose individual liability." *Id.*

The Court agrees with the reasoning in *De La Torre*. All material ambiguities in state law must be construed in the plaintiff's favor when assessing a sham defendant claim in connection with removal. *See id.* at *4; *Martinez v. Michaels Stores, Inc.*, 2015 WL 4337059, at *5 (C.D. Cal. July 15, 2015) ("Because all doubts must be resolved against removal, a court determining whether joinder is fraudulent 'must resolve all material ambiguities in state law in plaintiff's favor.'") (quoting *Macey v. Allstate Property & Cas. Ins. Co.*, 220 F. Supp. 2d 1116, 1117 (N.D. Cal. 2002). Even if the amended statute in question ultimately does not provide for individual liability, no California Court has currently addressed this issue. The issue is certainly not "obvious according to the well-settled [law of California]." *See United Computer Sys. Inc. v. AT&T Corp.*, 298 F.3d at 756 (9th Cir. 2002). Therefore, the Court finds that Defendants have not met their burden of showing that Sanchez was fraudulently joined.

The Court GRANTS Plaintiffs' motion to remand on this basis.

### B. Whether Plaintiffs Have Stated a Defamation Claim Against Defendant Sanchez

Although the Court may grant Plaintiffs' motion to remand based solely on Plaintiffs' claim against Sanchez under California Labor Code § 1102.5, the Court also finds that Plaintiffs have stated a non-fanciful defamation claim against Sanchez.

To determine whether Sanchez is a sham defendant, the Court must examine whether Plaintiffs have pled sufficient facts for each element of a defamation claim. To prove defamation, Plaintiffs must establish that Sanchez: (1) made a publication of (2) defamatory, (3) false, and (4) unprivileged statements, (5) which ha[d] a natural tendency to injure or that cause[d] special damage. Cal Civ. Code. § 45; *Taus v. Loftus*, 40 Cal. 4th 683, 720 (2007).

Plaintiffs' defamation claim rests on an email sent by Sanchez wherein Sanchez stated that due to O'Neill's management, there was poor morale on the sales team, sales were dropping, clients felt

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-06116-SVW-JC | Date | October 21, 2015 |
|---|---|---|---|
| Title | *Sean O'Neill et al v. Grupo Radio Centro LA, LLC et al* | | |

uncomfortable working with O'Neill, and the whole radio station had been destroyed. (Def. Mot. to Dismiss, Sanchez Decl., Ex. 2).

  Defendants argue that Plaintiffs fail to state a defamation claim upon which relief can be granted because the statements are protected by the common interest privilege and are mere opinion. (Def. Opp. at 3-4). California Civil Code § 47(c) grants a conditional privilege against defamation to communications between persons on subjects of mutual interest if the statements were made without malice. Defendants argue that Plaintiffs fail to present plausible grounds to infer malice in Sanchez's email communication. (*Id.* at 4). Moreover, Defendants argue that the allegedly defamatory statements are non-actionable opinions because they only represent Sanchez's personal views. (*Id.* at 4-5).

  First, the Court finds that "[m]erely showing that an action is likely to be dismissed against [a] defendant does not demonstrate fraudulent joinder." *Diaz v. Allstate Ins. Group*, 185 F.R.D. 581, 586 (C.D. Cal. 1998). "The standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is a possibility that they may do so." *Id.*; *see also Johnson v. Wells Fargo & Co., Inc.*, 2014 WL 6475128, at *7 (C.D. Cal. Nov. 19, 2014) (finding that to the extent the plaintiff's allegations were insufficient to state a claim for defamation in state court, it is possible that such deficiencies could be cured by amendment); *Umamoto v. Insphere Insurance Solutions, Inc.*, 2013 WL 2084475, at *4-5 (N.D. Cal. May 14, 2013) (finding that even though the plaintiffs' defamation claim would likely fail, there was a "non-fanciful possibility that plaintiff c[ould] state a claim [for defamation]").

  Plaintiffs have sufficiently alleged malice in their complaint and have offered circumstantial facts supporting their allegation that would make the common interest privilege inapplicable. Plaintiffs allege that after they discovered and reported allegedly unlawful activity by Defendants (including Sanchez), Defendants (including Sanchez) retaliated against Plaintiffs and subjected them to a campaign of character assassination by making demeaning remarks and defamatory statements. (Pl. Mot. at 5-6, Compl. ¶¶ 10, 19). Defendants have not demonstrated that there is no possibility that Plaintiffs can allege facts giving rise to an inference of malice. *See Berger v. Harley Ellis Devereaux*, 2008 WL 10610129, at *10 (C.D. Cal. June 6, 2008) (finding on a motion to remand that because the plaintiff alleged facts giving rise to an inference of malice, that was sufficient to defeat the defendants' claim to the common interest privilege); *Chew v. Williams Lea Inc.*, 2007 WL 2428052, at *3 (N.D. Cal. Aug. 22, 2007) ("Assuming, without deciding, that plaintiff has not sufficiently alleged facts showing actual malice or that Dolly lacked a good-faith belief in the truth of the statement, defendant has not shown that plaintiff could not as a matter of law allege such facts. To the contrary, the complaint's allegations suggest that plaintiff could explicitly allege that Dolly lacked a good faith belief in her statements given

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-06116-SVW-JC | Date | October 21, 2015 |
|---|---|---|---|
| Title | *Sean O'Neill et al v. Grupo Radio Centro LA, LLC et al* | | |

her failure to make any inquiry of plaintiff into what ⎯ from the allegations of the complaint ⎯ appears to be a minor discrepancy. Moreover, the implied allegation of retaliation because of plaintiff's disability leave further suggests malice. In sum, this is not a case where a plaintiff cannot under any circumstances make a claim against the non-diverse defendant. Accordingly, Dolly was not 'fraudulently joined' and the motion to remand must be granted.").

Second, the Court finds that at least one of Sanchez's allegedly defamatory statements ⎯ that sales were dropping because of O'Neill's management ⎯ could be found to be a false assertion of fact. Plaintiffs claim they can prove that this statement was false with objective and verifiable accounting and sales numbers demonstrating that sales were actually increasing. (Pl. Rep. at 2).

Accordingly, there is a non-fanciful possibility that Plaintiffs may state a claim for defamation against Sanchez. Therefore, Sanchez has not been fraudulently joined and the Court GRANTS Plaintiffs' motion to remand on this basis as well.

**V.     Conclusion**

For the foregoing reasons, the Court GRANTS Plaintiffs' motion to remand. The Court DENIES Defendants' motion to dismiss as moot.

|  | : |
|---|---|
| Initials of Preparer | PMC |